JESSE A. CRIPPS, SBN 191993
  jcripps@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, California 90071-3197
Telephone:    213.229.7000
Facsimile:    213.229.7520

*Attorneys for Defendants CHEVRON
CORPORATION, CHEVRON GLOBAL
TECHNOLOGY SERVICES COMPANY, and
CHEVRON U.S.A. INC.*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| PHILIP QUINNETT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CHEVRON CORPORATION, CHEVRON GLOBAL TECHNOLOGY SERVICES CO., & CHEVRON U.S.A. INC.,<br><br>Defendants. | CASE NO. 3:25-cv-10950-AMO<br><br>**DEFENDANTS CHEVRON CORPORATION, CHEVRON GLOBAL TECHNOLOGY SERVICES COMPANY, AND CHEVRON U.S.A. INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(b)(6) OR STRIKE CERTAIN ALLEGATIONS UNDER RULE 12(f)**<br><br>Hon. Araceli Martinez-Olguin<br><br>Date:        June 25, 2026<br>Time:        2:00 p.m.<br>Dept.:       Courtroom 10 – 19th Floor |

**TO THE COURT AND ALL PARTIES AND COUNSEL OF RECORD**:

PLEASE TAKE NOTICE THAT on June 25, 2026, at 2:00 p.m., or as soon thereafter as it may be heard, in Courtroom 10 of this Court, located at 450 Golden Gate Avenue, San Francisco, California, Defendants Chevron Corporation, Chevron Global Technology Services Company, and Chevron U.S.A. Inc. will and hereby do move this Court for an order dismissing Plaintiff Philip Quinnett's Complaint under Federal Rule of Civil Procedure 12(b)(6) and/or striking certain allegations in the Complaint under Rule 12(f).

Defendants seek dismissal of the Complaint on the following grounds:

- Each of Plaintiff's claims fails as a matter of law as to Chevron Corporation because he failed to adequately allege that Chevron Corporation is or was his employer;

- Plaintiff's five FEHA claims should be dismissed because FEHA does not apply extraterritorially to his employment in Kazakhstan, because Plaintiff failed to exhaust administrative remedies, and because his reasonable accommodation and interactive process claims fail as a matter of law;

- Plaintiff's two ADA claims should be dismissed because they are time-barred and because Plaintiff failed to exhaust administrative remedies; and

- Plaintiff's California Whistleblower Protection Act claim should be dismissed because he has not plausibly alleged that any decisionmaker responsible for the challenged employment actions was aware of his purported disclosures.

Defendants also request that the Court strike paragraphs 34–36, 62, 63, 69, 101, 122, 134, 138–39, and 141 of the Complaint to the extent they advance retaliation theories that Plaintiff did not exhaust with the EEOC before filing this lawsuit—namely, allegations that Defendants retaliated against him for (1) participating in another employee's EEOC proceedings and (2) objecting to requests for medical information about his child.

This motion is based on this notice of motion, the accompanying memorandum of points and authorities, all cited authorities, all pleadings and papers on file in this action, and any oral argument the Court may consider before or at the time of hearing on this motion.

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER RULE 12(b)(6) OR STRIKE
CERTAIN ALLEGATIONS UNDER RULE 12(f)
CASE NO. 3:25-cv-10950-AMO

Gibson, Dunn &
Crutcher LLP

DATED: March 23, 2026                    Respectfully submitted,

                                        GIBSON, DUNN & CRUTCHER LLP


                                        By: */s/ Jesse A. Cripps*
                                              Jesse A. Cripps

                                        Attorney for Defendants
                                        CHEVRON CORPORATION, CHEVRON
                                        GLOBAL TECHNOLOGY SERVICES
                                        COMPANY, and CHEVRON U.S.A. INC.

Gibson, Dunn &
Crutcher LLP

# TABLE OF CONTENTS

Page

I.      INTRODUCTION AND SUMMARY OF ARGUMENT ..................................................... 1

II.     STATEMENT OF ISSUES TO BE DECIDED (LOCAL RULE 7-4(A)(3)) ......................... 2

III.    BACKGROUND ............................................................................................................ 2

IV.     LEGAL STANDARD ..................................................................................................... 4

V.      ARGUMENT ................................................................................................................. 5

        A.      Plaintiff Fails to Allege that Chevron Corporation Is or Was His Employer. ............. 6

        B.      California's FEHA Statute Does Not Apply to Plaintiff's Employment in
                Kazakhstan. .......................................................................................................... 8

        C.      Plaintiff Failed to Exhaust Administrative Remedies. ............................................. 10

                1.      Plaintiff wholly failed to plead any facts about his efforts to exhaust
                        administrative remedies. ............................................................................. 11

                2.      Even if Plaintiff had properly pleaded exhaustion, two of his retaliation
                        theories exceed the scope of his administrative charges. .............................. 11

        D.      Plaintiff's ADA Claims Based on 2023 Conduct Are Time-Barred. ......................... 14

        E.      Plaintiff's Whistleblower Protection Act Claim Fails for Lack of Causation. .......... 16

        F.      The Failure to Provide Reasonable Accommodations and Failure to Engage in
                Interactive Process Claims Fail as a Matter of Law. ................................................ 17

VI.     CONCLUSION ............................................................................................................. 19

Gibson, Dunn &
Crutcher LLP

iv

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Acosta v. NAS Ins. Svcs., LLC*,
2025 WL 975007 (C.D. Cal. Mar. 31, 2025) ................................................................17, 19

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ................................................................................................................5

*Austin v. City of Oakland*,
2018 WL 2427679 (N.D. Cal. May 30, 2018) ......................................................................15

*B.K.B. v. Maui Police Dep't*,
276 F.3d 1091 (9th Cir. 2002) ..............................................................................................10

*Banaga v. Gov't Emps. Ins. Co.*,
2019 WL 2451418 (S.D. Cal. June 12, 2019) ......................................................................15

*Bass v. County of Butte*,
458 F.3d 978 (9th Cir. 2006) ................................................................................................10

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ............................................................................................................4, 5

*Buchanan v. NetJets Services, Inc.*,
2018 WL 1933189 (N.D. Cal. Apr. 24, 2018) .....................................................................8, 9

*Campbell v. Arco Marine, Inc.*,
42 Cal. App. 4th 1850 (1996) ..............................................................................................8, 9

*Castro v. Classy, Inc.*,
2020 WL 996948 (S.D. Cal. Mar. 2, 2020) .........................................................................17, 19

*Cherosky v. Henderson*,
330 F.3d 1243 (9th Cir. 2003) ..............................................................................................14

*Davidson-Gesser v. Aequor Healthcare Servs., LLC*,
2025 WL 3190824 (C.D. Cal. Sept. 23, 2025) .......................................................................7

*Dodd-Owens v. Kyphon, Inc.*,
2007 WL 420191 (N.D. Cal. Feb. 5, 2007) ............................................................................9

*Douglas v. Cal. Dep't of Youth Auth.*,
271 F.3d 812 (9th Cir. 2001) ..............................................................................................14, 15

*Douglass–Woodruff v. Nevada, ex rel. its Dept. of Mental/Health*,
23 F. App'x 758 (9th Cir. 2001) ...........................................................................................11

*Dowell v. Contra Costa Cty.*,
928 F. Supp. 2d 1137 (N.D. Cal. 2013) ...............................................................................16

*Ferretti v. Pfizer Inc.*,
2013 WL 140088 (N.D. Cal. Jan. 10, 2013) ........................................................................16

v

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER RULE 12(b)(6) OR STRIKE
CERTAIN ALLEGATIONS UNDER RULE 12(f)
CASE NO. 3:25-cv-10950-AMO

*Freeman v. Oakland Unified Sch. Dist.*,
  291 F.3d 632 (9th Cir. 2002)................................................................10, 11, 12, 13, 14

*Garcia v. Los Banos Unified School Dist.*,
  418 F. Supp. 2d 1194 (E.D. Cal. 2006)..............................................................11

*In re Gilead Scis. Sec. Litig.*,
  536 F.3d 1049 (9th Cir. 2008).............................................................................5

*Gonsalves v. Infosys Techs., LTD.*,
  2010 WL 1854146 (N.D. Cal. May 6, 2010) ....................................................8, 9

*Hayes v. NASSCO*,
  695 F. App'x 312 (9th Cir. 2017) ........................................................................14

*Head v. Costco Wholesale Corp.*,
  2025 WL 1592737 (N.D. Cal. June 5, 2025) ................................................17, 19

*Iovino v. Michael Stapleton Assocs., Ltd.*,
  600 F. Supp. 3d 610 (W.D. Va. 2022) ....................................................11, 12, 13, 14

*Josephs v. Pac. Bell*,
  443 F.3d 1050 (9th Cir. 2006)..............................................................................10

*Kang v. U. Lim Am., Inc.*,
  296 F.3d 810 (9th Cir. 2002).................................................................................6

*Kimber v. Del Toro*,
  2024 WL 171386 (S.D. Cal. Jan. 16, 2024)..................................................10, 11

*Laird v. Cap. Cities/ABC, Inc.*,
  68 Cal. App. 4th 727 (1998).............................................................................6, 7

*Lopez v. Bans*,
  2016 WL 6821860 (E.D. Cal. Nov. 18, 2016) ...................................................15

*Love v. Motion Indus., Inc.*,
  309 F. Supp. 2d 1128 (N.D. Cal. 2004) ..............................................................6

*Luna v. Universal Studio City Prods. LLLP*,
  2013 WL 12308198 (C.D. Cal. Aug. 27, 2013)...................................................7

*McVay v. DXP Enterprises, Inc.*,
  645 F. Supp. 3d 971 (C.D. Cal. 2022)...........................................................17, 19

*Minor v. FedEx Off. & Print Servs., Inc.*,
  78 F. Supp. 3d 1021 (N.D. Cal. 2015) .................................................................4

*Moore v. Grundmann*,
  2013 WL 2177775 (S.D. Cal. May 20, 2013).....................................................11

*Morgan v. Regents of Univ. of Cal.*,
  88 Cal. App. 4th 52 (2000)..................................................................................10

Gibson, Dunn &
Crutcher LLP

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER RULE 12(b)(6) OR STRIKE
CERTAIN ALLEGATIONS UNDER RULE 12(f)
CASE NO. 3:25-cv-10950-AMO

*National Railroad Passenger Corp. v. Morgan*,
536 U.S. 101 (2002) ...........................................................................................................14

*Noone v. Hitachi Rail STS USA, Inc.*,
2024 WL 3915075 (C.D. Cal. June 17, 2024) .........................................................16, 17

*Perez v. DNC Parks & Resorts at Asilomar, Inc.*,
2019 WL 5618169 (E.D. Cal. Oct. 31, 2019) ......................................................................7

*Perkins v. U.S. Navy*,
2012 WL 2945916 (S.D. Cal. July 19, 2012) ...............................................................10, 11

*Phillips v. Pac. Mar. Ass'n*,
2025 WL 1726404 (N.D. Cal. June 20, 2025) ......................................................................7

*Rodriguez v. Airborne Express*,
265 F.3d 890 (9th Cir. 2001)..............................................................................................10

*Russo v. APL Marine Services, Ltd.*,
135 F. Supp. 3d 1089 (C.D. Cal. 2015).................................................................................8

*Scott v. Gino Morena Enters., LLC*,
888 F.3d 1101 (9th Cir. 2018)............................................................................................10

*Stanley v. Tr. of Cal. State Univ.*,
433 F.3d 1129 (9th Cir. 2006)............................................................................................15

*U.S. v. 14.02 Acres of Land More or Less in Fresno Cnty.*,
547 F.3d 943 (9th Cir. 2008)................................................................................................4

*Vernon v. State of California*,
116 Cal. App. 4th 114 (2004)...............................................................................................6

*Wentzo v. Signavio, Inc.*,
2022 WL 16858834 (C.D. Cal. Sept. 26, 2022)......................................................17, 18, 19

*Westinghouse Elec. Corp. v. County of Los Angeles*,
42 Cal. App. 3d 32 (1974)..................................................................................................11

**Statutes**

42 U.S.C. § 2000e-5(e)(1).........................................................................................................14

42 U.S.C. § 12111(2) ..................................................................................................................6

42 U.S.C. § 12112(a) ..................................................................................................................6

Cal. Code Reg. tit. 2, § 11008....................................................................................................8

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER RULE 12(b)(6) OR STRIKE
CERTAIN ALLEGATIONS UNDER RULE 12(f)
CASE NO. 3:25-cv-10950-AMO

Gibson, Dunn &
Crutcher LLP

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiff is a Nevada resident formerly employed in Kazakhstan and currently employed in Angola.  In this suit, he invokes California and federal law to challenge employment decisions that occurred abroad.  Those claims fail for several reasons:

*First*, each of Plaintiff's claims fails as a matter of law as to Chevron Corporation—a holding company with no employment relationship to Plaintiff—because he does not allege that Chevron Corporation is or was his employer.  No amendment can cure this defect because Plaintiff was never employed by Chevron Corporation and Chevron Corporation had no role in the facts giving rise to this dispute.

*Second*, California's Fair Employment and Housing Act ("FEHA") does not apply.  Plaintiff worked in Kazakhstan, resides in Nevada, and now lives in Angola.  He does not allege that any tortious conduct actually occurred in California—only that unnamed executives somewhere may have "ratified" foreign employment decisions.  Courts have consistently rejected such conclusory allegations as insufficient to invoke FEHA's protections for out-of-state conduct.

*Third*, Plaintiff failed to exhaust his administrative remedies.  His Complaint contains no allegation that he filed a charge with the EEOC or the California Civil Rights Department, and no allegation that he received a right-to-sue notice from either agency.  Without these prerequisites, his ADA and FEHA claims cannot proceed.[1]

*Fourth*, Plaintiff's ADA claims are time-barred.  The allegedly discriminatory acts that provide the core of his claim all occurred in late 2023.  But Plaintiff did not file his initial EEOC charge until December 2024, well outside the 300-day limitations period for pursuing such a claim.

*Fifth*, Plaintiff's California Whistleblower Protection Act ("WPA") claim fails because he has not alleged that any decisionmaker involved in the challenged employment actions was aware of his purported disclosures.  The claim should be dismissed for failure to adequately plead the requisite causation.

---

[1] Moreover, two of his retaliation theories—participation in another employee's EEOC proceedings and objection to requests for medical information—exceed the scope of any charges he may have filed and remain independently unexhausted.

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER RULE 12(b)(6) OR STRIKE CERTAIN ALLEGATIONS UNDER RULE 12(f)
CASE NO. 3:25-cv-10950-AMO

*Sixth*, Plaintiff's FEHA reasonable accommodation and interactive process claims fail as a matter of law. These claims are premised on schooling accommodations Plaintiff requested for his son. But the statute only requires employers to reasonably accommodate an employee whose association with a disabled person limits the *employee's* own ability to engage in major life activities due to caretaking obligations. It does not require employers to accommodate an employee's disabled family member, as Plaintiff alleges here. These claims are not cognizable and should be dismissed.

For all of these reasons, the Court should dismiss Plaintiff's Complaint in its entirety.

## II.   STATEMENT OF ISSUES TO BE DECIDED (LOCAL RULE 7-4(a)(3))

1.   Whether Plaintiff has adequately pleaded that Chevron Corporation was his employer.

2.   Whether FEHA applies to Plaintiff's employment in Kazakhstan where he fails to allege that the challenged decisions occurred in California or were ratified by California-based decisionmakers.

3.   Whether Plaintiff has adequately pleaded administrative exhaustion of his ADA and FEHA claims.

4.   Whether certain of Plaintiff's retaliation theories must be stricken for failure to exhaust administrative remedies.

5.   Whether Plaintiff's ADA claims based on 2023 employment actions are barred by the 300-day administrative filing requirement.

6.   Whether Plaintiff fails to state a claim under the WPA because he does not plausibly allege employer knowledge and causation.

7.   Whether Plaintiff's FEHA reasonable accommodations and interactive process claims fail as a matter of law.

## III.   BACKGROUND

Plaintiff Philip Quinnett's Complaint names three defendants—Chevron Corporation, Chevron Global Technology Services Company ("Chevron GlobTech"), and Chevron U.S.A. Inc. ("CUSA")— collectively referred to as "Chevron." Dkt. 1 ("Compl.") ¶¶ 1, 7. Plaintiff alleges that Chevron GlobTech and CUSA are wholly owned subsidiaries of Chevron Corporation and maintained their headquarters and principal place of business at the same San Ramon, California address as Chevron

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER RULE 12(b)(6) OR STRIKE CERTAIN ALLEGATIONS UNDER RULE 12(f)
CASE NO. 3:25-cv-10950-AMO

Corporation. *Id.* ¶¶ 12–13. He alleges that he has been employed by this collective "Chevron" since 1998. *Id.* ¶ 18.

Although he was hired in California, the events giving rise to this action occurred while he was assigned as an expatriate to Tengizchevroil ("TCO") in Atyrau, Kazakhstan. *Id.* ¶¶ 3, 19. The Complaint centers on TCO's schooling policy for children of expatriates in Kazakhstan, which required that expatriate employees enroll their children in a company-approved school in order to remain in their assignments. *Id.* ¶ 25. Plaintiff's son has autism. *Id.* ¶ 34. Plaintiff alleges that the TCO-approved school, Dostyk American International School ("DAIS")—not Chevron—refused to enroll his child because it could not meet his child's special needs. *Id.* ¶ 29.

Plaintiff was permitted to enroll his child in a different local school, QSI, for the 2022–2023 school year pending further assessment, but he was advised that he would be expected to transfer to another position if his child could not ultimately enroll at DAIS. *Id.* ¶¶ 30–31.

In June 2023, Plaintiff allegedly emailed the DAIS director, Chevron HR, and Chevron Medical representatives regarding a request for additional documentation related to his son's disability. *Id.* ¶ 34. Plaintiff explained his belief that after having provided extensive and sufficient medical information about his son, it was improper for Chevron to seek additional confidential medical information about his child. *Id.* Plaintiff noted that he had spoken with other employees with disabled children who advised him that the outcome of additional behavioral assessments did not impact Chevron's decision-making concerning providing equal children's educational benefits. *Id.*

Plaintiff alleges that in Summer 2023, he again enrolled his son in the alternative school, QSI, and his tuition reimbursement request was initially approved. *Id.* ¶¶ 35, 37.

In September 2023, a different employee filed an EEOC charge concerning TCO's schooling policies. *Id.* ¶ 36. Plaintiff alleges he disclosed concerns to Chevron's Head of Ethics, Compliance, and Internal Investigations, who was in fact the employee who had filed the aforementioned EEOC charge. *Id.* ¶¶ 36, 160–61. Plaintiff does not allege that any decisionmaker involved in the employment actions at issue was aware of his participation in those proceedings. *See generally* Compl.

On October 27, 2023, Chevron allegedly reversed its tuition decision and denied reimbursement. *Id.* ¶ 37. Within approximately one week, Plaintiff alleges that he was informed he

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER RULE 12(b)(6) OR STRIKE
CERTAIN ALLEGATIONS UNDER RULE 12(f)
CASE NO. 3:25-cv-10950-AMO

would not be permitted to remain in his TCO role if his son did not attend the company-approved school. *Id.* ¶ 38. He characterizes this as a forced choice between repatriating or taking leave. *Id.* ¶ 39.

Plaintiff alleges that his employment at TCO ended in December 2023. *Id.* ¶¶ 68, 82. After his TCO employment ended, Plaintiff took a medical leave and later accepted an assignment in Angola beginning in November 2024, which he alleges involved reduced compensation and extended time away from his family. *Id.* ¶¶ 40–43. Plaintiff alleges that he is now a Nevada resident. *Id.* ¶ 6.

Plaintiff brings eight claims against Defendants: (1) Associational Disability Discrimination in Violation of the ADA; (2) Retaliation in Violation of the ADA; (3) Associational Disability Discrimination in Violation of FEHA; (4) Failure to Engage in Good-Faith Interactive Process in Violation of FEHA; (5) Failure to Provide Reasonable Accommodations in Violation of FEHA; (6) Retaliation in Violation of FEHA; (7) FEHA Failure to Prevent Discrimination and Retaliation in Violation of FEHA; and (8) Whistleblower Retaliation in Violation of California Labor Code § 1102.5. *Id.* ¶ 1.

The Complaint does not allege that Plaintiff filed any administrative charges with the EEOC or the California Civil Rights Department, nor does it allege that he received any right-to-sue notice from either agency. *See generally* Compl. However, on December 6, 2024, Plaintiff filed with the EEOC an initial Charge of Discrimination, and on April 7, 2025, filed with the EEOC and the California Civil Rights Department ("CRD") an Amended (Operative) Charge of Discrimination.[2]

## IV.   LEGAL STANDARD

Courts dismiss complaints under Federal Rule of Civil Procedure 12(b)(6) when plaintiffs fail to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,*

---

[2] Defendants respectfully request that the Court take judicial notice of Plaintiff's December 6, 2024 Initial Charge of Discrimination and April 7, 2025 Amended Charge of Discrimination pursuant to Federal Rule of Evidence 201. Declaration of Jesse Cripps in Support of Motion to Dismiss or Strike, Exs. A ("Initial Charge"), B ("Amended Charge"). The Charges are records of a federal agency and are not subject to dispute. They are therefore appropriate subjects of judicial notice. *U.S. v. 14.02 Acres of Land More or Less in Fresno Cnty.*, 547 F.3d 943, 955 (9th Cir. 2008) ("Judicial notice is appropriate for records and reports of administrative bodies."); *Minor v. FedEx Off. & Print Servs., Inc.*, 78 F. Supp. 3d 1021, 1027–28 (N.D. Cal. 2015) (taking judicial notice of CRD charges).

4

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER RULE 12(b)(6) OR STRIKE
CERTAIN ALLEGATIONS UNDER RULE 12(f)
CASE NO. 3:25-cv-10950-AMO

550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, to avoid dismissal, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and to demonstrate "more than a sheer possibility that a defendant has acted unlawfully," *Iqbal*, 556 U.S. at 678. In determining whether the complaint states a plausible claim, the court must accept the factual allegations as true, but it is not required to accept "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

Under Federal Rule of Civil Procedure 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

## V.    ARGUMENT

Plaintiff's Complaint fails on multiple independent grounds. First, although all of Plaintiff's claims can only be brought against his employer, he does not adequately allege that Chevron Corporation—the parent company of the two other defendant corporations—employed him. Nor can he, as Plaintiff was not employed by Chevron Corporation. As such, Chevron Corporation should be dismissed from the action. Second, California's FEHA statute does not extend to employment relationships occurring entirely in Kazakhstan, and Plaintiff's conclusory ratification allegations cannot manufacture a California nexus. Third, Plaintiff failed to exhaust his administrative remedies—his Complaint contains no allegations regarding EEOC or CRD charges, and two of his retaliation theories exceed the scope of any charges he may have filed. Fourth, Plaintiff's ADA claims are time-barred because all allegedly discriminatory acts occurred in 2023, well outside the 300-day limitations period. Fifth, Plaintiff's Whistleblower Protection Act claim fails because he has not alleged that decisionmakers responsible for the adverse actions were aware of his purported disclosures. Finally, Plaintiff's FEHA reasonable accommodation and interactive process claims fail as a matter of law because he seeks accommodations for his son's schooling rather than adjustments to his own work responsibilities. The Court should dismiss the Complaint in its entirety.

### A.    Plaintiff Fails to Allege that Chevron Corporation Is or Was His Employer.

Plaintiff asserts claims under the ADA, FEHA, and California Whistleblower's Protection Act ("WPA") against three defendants: Chevron Corporation, Chevron Global Technology Services Company ("Chevron GlobTech"), and Chevron U.S.A. Inc. ("CUSA").  Compl. ¶ 1.  Each of these claims requires Plaintiff to plausibly allege that each defendant was his "employer."  42 U.S.C. §§ 12111(2), 12112(a) (Title I of the ADA defines "covered entity" as "an employer, employment agency, labor organization, or joint labor management committee" and provides that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees . . ."); *Vernon v. State of California*, 116 Cal. App. 4th 114, 123 (2004) ("The fundamental foundation for liability [under the FEHA] is the existence of an employment relationship")(internal quotation marks omitted); *Love v. Motion Indus., Inc.*, 309 F. Supp. 2d 1128, 1134 (N.D. Cal. 2004) (to establish a claim under the WPA, plaintiff-employee must show that he was "subjected to an adverse employment action by his employer").  Because the Complaint pleads no facts showing that Chevron Corporation employed Plaintiff—and, indeed, Plaintiff cannot plead such facts—the claims against Chevron Corporation must be dismissed.[3]

A parent corporation is not automatically liable for the employment practices of its subsidiary merely because of ownership.  *See Laird v. Cap. Cities/ABC, Inc.*, 68 Cal. App. 4th 727, 738 (1998).  Courts presume that parent and subsidiary corporations are separate entities, and a parent may be treated as an employer only where the plaintiff plausibly alleges facts demonstrating that the entities functioned as a "single employer" or an "integrated enterprise."  *Id.*  Under the Ninth Circuit's integrated enterprise doctrine, courts consider four factors: (1) interrelation of operations, (2) common management, (3) centralized control of labor relations, and (4) common ownership or financial control.  *Kang v. U. Lim Am., Inc.*, 296 F.3d 810, 815 (9th Cir. 2002).  Among these factors, centralized control of labor relations—i.e., which entity made hiring and firing decisions—is the most important.  *Id.*

---

[3] Defendants do not concede that Chevron GlobTech or CUSA are or were Plaintiff's employers and reserve all rights to dispute this characterization.  Because Chevron Corporation is merely a holding company and Plaintiff alleges no basis whatsoever on which it could be held liable as his employer, its dismissal is appropriate at the motion to dismiss stage.

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER RULE 12(b)(6) OR STRIKE
CERTAIN ALLEGATIONS UNDER RULE 12(f)
CASE NO. 3:25-cv-10950-AMO

Critically, common ownership alone is insufficient to establish employer liability. *Laird*, 68 Cal. App. 4th at 738. Accordingly, courts in this Circuit routinely dismiss parent companies at the pleading stage where a complaint merely alleges corporate ownership or refers collectively to "defendants" without facts showing the parent exercised control over the plaintiff's employment. *See, e.g.*, *Phillips v. Pac. Mar. Ass'n*, 2025 WL 1726404, at *2 (N.D. Cal. June 20, 2025); *Davidson-Gesser v. Aequor Healthcare Servs., LLC*, 2025 WL 3190824, at *4 (C.D. Cal. Sept. 23, 2025); *Perez v. DNC Parks & Resorts at Asilomar, Inc.*, 2019 WL 5618169, at *7 (E.D. Cal. Oct. 31, 2019); *Luna v. Universal Studio City Prods. LLLP*, 2013 WL 12308198, at *6 (C.D. Cal. Aug. 27, 2013).

The Complaint contains no specific factual allegations showing that Chevron Corporation employed Plaintiff or controlled the terms and conditions of his employment. Instead, Plaintiff repeatedly relies on collective allegations against "Defendants." Compl. ¶ 1 (Plaintiff "brings associational disability and retaliation claims against his employers Chevron Corporation, Chevron Global Technology Services Co., and Chevron USA Inc, collectively referred to herein as 'Chevron.'"). Plaintiff then alleges in conclusory fashion that "[a]t all times relevant herein, Plaintiff was an employee of Defendants." *Id.* ¶ 93; *see also* ¶¶ 133, 150, 159. But this is a legal conclusion, not a factual allegation. The Complaint provides no facts identifying which entity actually hired Plaintiff, supervised him, paid his wages, or made employment decisions affecting him. That Plaintiff failed to include such facts is no surprise, as Chevron Corporation made no employment decisions as to Mr. Quinnett and had no role or involvement in the facts underlying this dispute.

The only factual allegations concerning Chevron Corporation relate to corporate structure, not employment or control. Specifically, the Complaint alleges that Chevron GlobTech and CUSA are "wholly owned subsidiar[ies] of" Chevron Corporation, and all three entities shared a headquarters in San Ramon, California. *Id.* ¶¶ 12–13. But shared ownership and corporate affiliation are legally insufficient to establish that a parent corporation—here, Chevron Corporation—was Plaintiff's employer. *Laird*, 68 Cal. App. 4th at 738. And the Complaint does not plead any facts supporting the integrated enterprise factors identified by the Ninth Circuit in *Kang* beyond the conclusory allegations about common ownership. *See generally* Compl.

Because Plaintiff has not and cannot plausibly alleged that Chevron Corporation was his

7

employer, each of his claims fails as a matter of law as to Chevron Corporation. The Court should therefore dismiss Chevron Corporation from this action pursuant to Rule 12(b)(6).

**B.    California's FEHA Statute Does Not Apply to Plaintiff's Employment in Kazakhstan.**

California's Fair Employment and Housing Act does not regulate employment relationships occurring entirely outside the state. Plaintiff cannot invoke FEHA for his Kazakhstan-based employment, and all five of his FEHA claims fail as a matter of law.

FEHA requires a plaintiff to plead either (1) that he was employed in California or (2) that the allegedly tortious conduct took place in California. *Gonsalves v. Infosys Techs.*, *LTD.*, 2010 WL 1854146, at *5 (N.D. Cal. May 6, 2010). The statute's applicability is unambiguous: "[E]mployees located outside of California are not themselves covered by the protections of the [FEHA] if the allegedly unlawful conduct did not occur in California, or the allegedly unlawful conduct was not ratified by decision makers or participants in unlawful conduct located in California." Cal. Code Reg. tit. 2, § 11008; *Campbell v. Arco Marine, Inc.*, 42 Cal. App. 4th 1850, 1860 (1996) (FEHA "should not be construed to apply to non-residents employed outside the state when the tortious conduct did not occur in California"). This principle reflects the broader presumption against extraterritorial application of state statutes. *See Campbell*, 42 Cal. App. 4th at 1858–59 (explaining the "serious constitutional concerns" inherent in extraterritorial FEHA application and concluding that "the Legislature certainly did not intend to interfere with employment relationships between residents of other states being performed wholly in other states"); *Russo v. APL Marine Services, Ltd.*, 135 F. Supp. 3d 1089, 1094 (C.D. Cal. 2015) ("Ordinarily, state statutes are not given extraterritorial effect.").

Courts consistently apply this principle to dismiss FEHA claims lacking a genuine California nexus. In *Campbell*, the plaintiff, a Washington resident, brought sexual harassment claims against her employer under FEHA based on conduct that took place aboard a ship on the high seas. *Id.* at 1852–55. Although the employer was headquartered in California, the plaintiff did not allege that anyone "in its headquarters participated in or ratified the conduct." *Id.* at 1858. The California Court of Appeal held that FEHA did not apply. *Id.* at 1860. Similarly, in *Buchanan v. NetJets Services, Inc.*, 2018 WL 1933189, at *3 (N.D. Cal. Apr. 24, 2018), the court dismissed FEHA claims where a Texas-based

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER RULE 12(b)(6) OR STRIKE CERTAIN ALLEGATIONS UNDER RULE 12(f)
CASE NO. 3:25-cv-10950-AMO

plaintiff offered only conclusory allegations that unnamed company officers and agents in California ratified discriminatory conduct. The court held that such generic ratification allegations could not render FEHA applicable, even though the plaintiff alleged he was first hired by the employer in California and had worked there before the relevant incidents occurred. *Id.* at *2–3; *accord Gonsalves v. Infosys Techs., LTD.*, 2010 WL 1854146, at *5 (dismissing FEHA claims where an Ohio resident plaintiff alleged that he traveled to California for work and managed clients there because "no connection exists between the California activities and the discrimination at issue"). Courts have also rejected the argument that the dissemination of corporate policies from California headquarters suffices to invoke FEHA. *Dodd-Owens v. Kyphon, Inc.*, 2007 WL 420191, at *3 (N.D. Cal. Feb. 5, 2007). Blanket allegations that policies originated in California do not convert foreign employment decisions into California conduct. *See id.*

Plaintiff's Complaint fails both prongs of the FEHA analysis. He does not allege that he was employed in California, and he does not allege that tortious conduct occurred in California. *See Gonsalves,* 2010 WL 1854146, at *5. Instead, the Complaint affirmatively demonstrates the opposite: Plaintiff is a Nevada resident who worked in Atyrau, Kazakhstan, and transferred to a position in Angola. Compl. ¶¶ 3, 6, 10, 19, 42. Every employment decision he challenges—denial of reimbursement, termination of his TCO assignment, and repatriation—occurred within that foreign employment context. Compl. ¶¶ 37–39, 68, 80–82.

Plaintiff may try to invoke California jurisdiction by pointing to his generic allegations that the at-issue decisions were "reviewed and ratified by multiple Chevron officers, directors, and managing agents." Compl. ¶ 84. But he identifies none of these individuals, alleges nothing about their locations when they supposedly ratified the decisions, and describes no specific conduct occurring in California. Nowhere does the Complaint identify a single California-based executive who made or approved the challenged decisions. *See generally* Compl. These vague allegations fail as a matter of law. *Buchanan*, 2018 WL 1933189, at *3; *Campbell*, 42 Cal. App. 4th at 1860.

Because California's FEHA statute does not extend to Kazakhstan-based employment decisions, the Court should dismiss all five FEHA claims.

### C.    Plaintiff Failed to Exhaust Administrative Remedies.

Plaintiff's ADA and FEHA claims should be dismissed under Rule 12(b)(6) because he failed to adequately allege administrative exhaustion.  To the extent the Court permits any retaliation claims to proceed, it should strike Plaintiff's unexhausted retaliation theories under Rule 12.

Both FEHA and the ADA require plaintiffs to exhaust administrative remedies before filing suit.  *See Scott v. Gino Morena Enters., LLC*, 888 F.3d 1101, 1106 (9th Cir. 2018) (ADA Title I claims are subject to Title VII's administrative exhaustion requirements, including filing a charge with the EEOC before filing suit); *Morgan v. Regents of Univ. of Cal.*, 88 Cal. App. 4th 52, 63 (2000) (FEHA claims must be administratively exhausted before filing suit).  Exhaustion requires filing a timely charge with the appropriate administrative agency or agencies—the federal EEOC and/or the CRD— and obtaining a "right-to-sue" notice.  *Josephs v. Pac. Bell*, 443 F.3d 1050, 1061 (9th Cir. 2006); *Bass v. County of Butte*, 458 F.3d 978, 982 (9th Cir. 2006).  The administrative exhaustion requirement "serves the important purposes of giving the charged party notice of the claim and narrowing the issues for prompt adjudication and decision."  *Freeman v. Oakland Unified Sch. Dist.*, 291 F.3d 632, 636 (9th Cir. 2002) (quoting *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1100 (9th Cir. 2002), as amended (Feb. 20, 2002)).

Plaintiff's Complaint fails the exhaustion requirement in at least two independent respects.

*First*, Plaintiff wholly failed to plead exhaustion, as his Complaint contains not even a passing reference to his efforts to administratively exhaust his FEHA and ADA claims.  *See generally* Compl. All of his FEHA and ADA claims should be dismissed for failure to plead compliance with this prerequisite to suit.  *See Rodriguez v. Airborne Express*, 265 F.3d 890, 897–98 (9th Cir. 2001) (noting that "California courts describe exhaustion as a jurisdictional prerequisite to suit under FEHA"); *Kimber v. Del Toro*, 2024 WL 171386, at *5 (S.D. Cal. Jan. 16, 2024) (granting motion to dismiss Title VII claim for failure to provide any administrative exhaustion allegations); *Perkins v. U.S. Navy*, 2012 WL 2945916, at *2 (S.D. Cal. July 19, 2012) (same).

*Second*, even if Plaintiff had properly pleaded exhaustion, two of the retaliation theories presented in his Complaint were not exhausted in his administrative charges.  Because these retaliation allegations exceed the scope of his EEOC Charges, they were never subject to the EEOC's

investigation.  These claims were not administratively exhausted, and Plaintiff cannot pursue them in court.  *See Freeman*, 291 F.3d at 636.  If Plaintiff is permitted to proceed with his ADA and FEHA retaliation claims, he should be allowed to do so only on the theories that were properly exhausted; the others should be stricken pursuant to Rule 12.  *See Iovino v. Michael Stapleton Assocs., Ltd.*, 600 F. Supp. 3d 610, 625–26 (W.D. Va. 2022) (striking unexhausted allegations under Rule 12).

### 1.  Plaintiff wholly failed to plead any facts about his efforts to exhaust administrative remedies.

A plaintiff bears the burden "to plead and prove timely exhaustion of administrative remedies, such as filing a sufficient complaint with [the CRD] and obtaining a right-to-sue letter."  *Garcia v. Los Banos Unified School Dist.*, 418 F. Supp. 2d 1194, 1215 (E.D. Cal. 2006) (citing *Westinghouse Elec. Corp. v. County of Los Angeles*, 42 Cal. App. 3d 32, 37 (1974)); *Kimber v. Del Toro*, 2024 WL 171386, at *4 (S.D. Cal. Jan. 16, 2024) ("A plaintiff must allege satisfaction of [exhaustion] requirements in the complaint.").  Plaintiff has failed to meet this burden.  His Complaint contains no allegation about preparing or submitting a charge to the EEOC or CRD.  It includes no allegation about receiving any right-to-sue notice from either agency.  Not a single sentence addresses exhaustion.  *See generally* Compl.

Because the Complaint provides the Court no basis to conclude that Plaintiff has satisfied this jurisdictional prerequisite to filing suit, all seven FEHA and ADA claims should be dismissed.  *Perkins v. U.S. Navy*, 2012 WL 2945916, at *2 (S.D. Cal. July 19, 2012) (granting motion to dismiss because "Plaintiff fails to allege that he substantially complied with Title VII's administrative exhaustion requirements"); *Moore v. Grundmann*, 2013 WL 2177775, at *7 (S.D. Cal. May 20, 2013) (dismissing Title VII claim for failure "to plead . . . that he has exhausted any administrative remedies"); *see Douglass–Woodruff v. Nevada, ex rel. its Dept. of Mental/Health*, 23 F. App'x 758, 759 (9th Cir. 2001) (noting plaintiff's pleading could have been "saved by an amendment that alleges that she exhausted her administrative remedies with the EEOC").

### 2.  Even if Plaintiff had properly pleaded exhaustion, two of his retaliation theories exceed the scope of his administrative charges.

Had Plaintiff alleged basic facts concerning exhaustion, his Complaint improperly advances two new retaliation theories which are distinct from and unrelated to the allegations in Plaintiff's EEOC

11

Charges and are thus unexhausted. Because these theories exceed the scope of what the EEOC could have investigated based on Plaintiff's Charges, they remain unexhausted and should be stricken under Rule 12. *See Iovino*, 600 F. Supp. 3d at 625–26 (striking under Rule 12 specific paragraphs of a plaintiff's complaint where the allegations therein "would multiply the theories by which she seeks relief on her retaliation claim" and "[n]o interpretation of" the agency charge could "sustain these new, unexhausted theories of retaliation").

In *Freeman*, 291 F.3d at 636 (internal citation and quotation omitted), the Ninth Circuit explained that when determining whether allegations have been exhausted, "it is appropriate to consider such factors as the alleged basis of the discrimination, dates of discriminatory acts specified within the charge, perpetrators of discrimination named in the charge, and any locations at which discrimination is alleged to have occurred." Critically, "[t]he inquiry into whether a claim has been sufficiently exhausted must focus on the factual allegations *made in the charge itself*, describing the discriminatory conduct about which a plaintiff is grieving" as "[o]nly by engaging in such an inquiry will the actual focus of the administrative charge, and the scope of the claims exhausted, be revealed." *Id.* at 637 (emphasis added). "The rule of liberal construction does not suggest that a plaintiff sufficiently exhausts his administrative remedies . . . by merely mentioning the word 'discrimination' in his or her EEOC administrative charge." *Id.*

Applying this framework, the Ninth Circuit held that the plaintiff failed to exhaust his administrative remedies because the allegations in his complaint were not "like or reasonably related to" those in his EEOC charge. *Id.* In his charge, plaintiff generally alleged that "[r]acial and sexual discriminatory practices among the teaching staff[] continue to persist." *Id.* at 634. But the charge specifically alleged purported discrimination in the context of an annual election among school faculty to select representatives on matters relating to the school; it did not mention class size, teaching assignments, or the manner in which the school district handled a dispute over a transition to eight-period school days, all of which were raised for the first time in plaintiff's complaint. *Id.* at 634–35, 637. The Court reasoned that these allegations "clearly would not have been necessary to, or addressed in, the scope of an investigation into the conduct of the [. . .] elections." *Id.* at 637. As such, and "[d]espite [plaintiff's] cursory reference to 'racial and sexual discrimination' in his EEOC charge, an

12

analysis of the actual charge demonstrates that the allegations contained therein were in no way 'like or reasonably related' to the claims in his First Amended Complaint," which had not been properly exhausted. *Id.* at 638.

Under even the most generous reading, Plaintiff's EEOC Charges present only two potential bases for retaliation: (1) his request to allow his son to attend a similar local school instead of the TCO-approved school policy (Initial Charge at 1; Amended Charge at 1), and/or (2) his related request for reimbursement of his child's school fees (Initial Charge at 1; Amended Charge at 1). The Complaint, however, advances two additional retaliation theories that appear nowhere in Plaintiff's EEOC Charges. Under *Freeman*, these two theories have not been exhausted, and the associated allegations must be stricken.

*Participating in another employee's EEOC proceedings.* Plaintiff alleges that Defendants retaliated against him for "participat[ing] in the investigation of another employee's complaints of alleged disability discrimination for the purposes of filing an EEOC charge in September 2023." Compl. ¶ 63; *see id.* ¶¶ 36, 69, 134, 138–39, 141. Neither EEOC Charge contains anything similar. *See* Initial Charge, Amended Charge. The Charges do not state that Plaintiff was even aware of—let alone participated in—another employee's disability discrimination proceedings. Nothing in the Charges put Defendants or the EEOC on notice that Plaintiff participated in other EEOC proceedings or believed he faced retaliation for that participation. This theory did not "f[all] within the scope of the EEOC's actual investigation or an EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Freeman*, 291 F.3d at 636 (internal citation and quotation omitted). These unexhausted allegations must be stricken. *Iovino*, 600 F. Supp. 3d at 624–25.

*Objecting to the request for the child's medical information.* Plaintiff alleges that Defendants retaliated against him for "oppos[ing] the discriminatory requirement that all children of resident expatriate employees had to attend a school that was unable to accommodate them" by "specifically object[ing] to a request that he submit additional extensive confidential medical information about his child." Compl. ¶ 62; *see id.* ¶ 34–35, 69, 101, 122. Again, Plaintiff's EEOC Charges provide no indication that he intended to advance this theory. The Charges allege protected activity consisting of requests to send his child to an unapproved school and to receive fee reimbursement. They do not

13

mention any request for medical information by TCO or Defendants, Plaintiff's refusal to provide it, or his awareness that "other employees" had provided similar information. The EEOC could not have known, based on the Charges, that Plaintiff opposed a discriminatory policy by refusing to supply medical information. This theory is therefore unexhausted. *See Freeman*, 291 F.3d at 637 (holding that allegations concerning class size or teaching assignments "would not have been necessary to, or addressed in, the scope of" an EEOC investigation focused on discrimination in faculty elections). This theory, too, should be stricken. *Iovino*, 600 F. Supp. 3d at 624–25.

### D.    Plaintiff's ADA Claims Based on 2023 Conduct Are Time-Barred.

Plaintiff's ADA claims are time-barred and should be dismissed with prejudice.

A discrimination charge alleging violations of the ADA must be filed with the EEOC within 180 days of the allegedly discriminatory act, though that deadline is extended to 300 days if the plaintiff initially instituted proceedings with a state or local agency with authority to grant or seek relief from such a practice. 42 U.S.C. § 2000e-5(e)(1); *see Hayes v. NASSCO*, 695 F. App'x 312, 312–13 (9th Cir. 2017) (citing *Douglas v. Cal. Dep't of Youth Auth.*, 271 F.3d 812, 823 & n.11 (9th Cir. 2001)). Plaintiff filed his Initial Charge on December 6, 2024. Initial Charge at 2. Accordingly, actionable conduct must have occurred on or after February 10, 2024.

The allegedly discriminatory acts fall outside this limitations period. The Complaint alleges that Plaintiff's tuition reimbursement request was denied on October 27, 2023. Compl. ¶ 37. It alleges that Plaintiff was notified shortly thereafter that he would not be permitted to remain in his TCO position. *Id.* ¶ 38. It further alleges that he was required to repatriate or take leave in October 2023. *Id.* ¶ 39. And it alleges that his employment at TCO ended in December 2023. *Id.* ¶¶ 68, 82. None of these discrete employment actions occurred within the statutory window.

Plaintiff may try to evade dismissal of his ADA claims by arguing that the TCO schooling policy constitutes a continuing violation not subject to tolling. That argument fails. In *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002), the Supreme Court held that discrete acts such as termination or denial of benefits are independently actionable and not subject to the continuing violations doctrine. The Ninth Circuit reaffirmed in *Cherosky v. Henderson*, 330 F.3d 1243, 1248 (9th Cir. 2003), that employees cannot challenge time-barred conduct by characterizing it as part

14

of an ongoing policy. The continuing violations doctrine applies only where a systemic discriminatory practice operated within the limitations period, *and* the plaintiff was exposed to it during that period. *Douglas v. California Dep't of Youth Authority*, 271 F.3d 812, 822–24 (9th Cir. 2001).

By Plaintiff's own account, his employment at TCO ended in December 2023. Compl. ¶¶ 68, 82, 140, 166 (Defendants "required Plaintiff to take a leave of absence, transfer to a less desirable schedule and location, and accept a substantial cut to his total compensation, to continue working at Chevron, as of December 2023."). He cannot plausibly claim that he was continuously subject to the TCO-specific schooling policy after his TCO placement ended. Plaintiff's claims arise from discrete decisions made in 2023, not from continuing exposure during the limitations window.

Nor can Plaintiff argue that his subsequent assignment in Angola constitutes a separate adverse action within the limitations period. The Complaint does not allege that this placement was itself discriminatory. Instead, Plaintiff characterizes the Angola assignment as *a consequence of* earlier adverse actions: "As a result, Plaintiff lost out on nearly a year of expatriate pay and benefits while he sought visas and completed required training and certifications to transfer to Malongo, Angola, where he remains to this day." Compl. ¶ 4. Plaintiff's case rests on allegations that Defendants forced him to leave his Kazakhstan placement because of his association with his disabled son. The allegedly adverse actions had all occurred by December 2023. His Angola assignment is merely a later consequence of an earlier decision that Plaintiff alleges was discriminatory. Although the job Plaintiff obtained after his departure from Kazakhstan may bear on damages, it cannot constitute a discrete discriminatory act made unlawful by the ADA. *Lopez v. Bans*, 2016 WL 6821860, at *4 (E.D. Cal. Nov. 18, 2016) ("[A] delayed, inevitable consequence of a past injury suffered will not cause accrual of a new claim or the start of a new limitations period."); *see also Stanley v. Tr. of Cal. State Univ.*, 433 F.3d 1129, 1134 (9th Cir. 2006) ("The proper focus is upon the time of the discriminatory acts, not upon the time at which the consequences of the acts became most painful.") (internal citation and quotation omitted).

Because Plaintiff's ADA claims are statutorily untimely and cannot be cured through amendment, they should be dismissed with prejudice. *Austin v. City of Oakland*, 2018 WL 2427679, at *5 (N.D. Cal. May 30, 2018); *Banaga v. Gov't Emps. Ins. Co.*, 2019 WL 2451418, at *8 (S.D. Cal.

June 12, 2019) ("Since these claims are statutorily untimely and cannot be cured through amendment, Plaintiff's ADA claims will be dismissed with prejudice.").

### E.    Plaintiff's Whistleblower Protection Act Claim Fails for Lack of Causation.

Plaintiff's California Whistleblower Protection Act ("WPA") claim fails because his Complaint does not establish the required causal nexus between his purported disclosure and any adverse employment action.

To state a WPA claim, a plaintiff must allege that (1) he disclosed a violation of law or regulation and (2) "retaliation for [his] protected activities was a contributing factor in a contested employment action." *Noone v. Hitachi Rail STS USA, Inc.*, 2024 WL 3915075, at *4–5 (C.D. Cal. June 17, 2024). "The employer's awareness is an essential component of the causal link." *Dowell v. Contra Costa Cty.*, 928 F. Supp. 2d 1137, 1156 (N.D. Cal. 2013). A plaintiff may establish causation by showing that: "(1) one of the decision makers responsible for each of the adverse employment actions taken against Plaintiff had knowledge that Plaintiff had engaged in protected activity, *and* (2) there is close proximity in time between the protected activity and the adverse employment action." *Ferretti v. Pfizer Inc.*, 2013 WL 140088, at *10 (N.D. Cal. Jan. 10, 2013) (emphasis added).

In *Noone*, the court found that Plaintiff had not sufficiently alleged causation because he did not allege that those responsible for his termination were aware of his protected activity. 2024 WL 3915075, at *5. The court explained that "although Plaintiff asserts that he reported the purportedly illegal activity to certain officers in Defendant's Human Resources Office, Legal Department, and Ethics Office," the complaint generally stated "that 'Defendant' placed Plaintiff on a Performance Improvement Plan and eventually fired Plaintiff." *Id.* As such, the Complaint failed to "sufficiently demonstrate whether the individuals that he reported [the] allegedly illegal activity to were involved in the decision to terminate [him], or otherwise disclosed [the] report to whomever terminated Plaintiff." *Id.*

Plaintiff's Complaint suffers from the same exact deficiency. Plaintiff alleges that he disclosed concerns about associational disability discrimination to Chevron's ethics officer and provided testimony in connection with that individual's EEOC charge. Compl. ¶¶ 160–61. But the Complaint does not allege that *the ethics officer* was involved in the decision to undertake any of the alleged

16

adverse actions.  Nor does it allege that the officer informed key decisionmakers about Plaintiff's disclosures.  And although Plaintiff alleges that "*Defendants* would easily be able to identify [Plaintiff] after receiving [the ethics officer's EEOC charge] in September 2023," Compl. ¶ 161 (emphasis added), the Complaint again fails to allege that the *decisionmakers* involved in the purportedly adverse actions reviewed or were even aware of this charge.  Like the plaintiff in *Noone*, Plaintiff here has failed to allege causation, and his WPA should likewise be dismissed.  2024 WL 3915075, at *5.

### F.     The Failure to Provide Reasonable Accommodations and Failure to Engage in Interactive Process Claims Fail as a Matter of Law.

Plaintiff's FEHA failure to provide reasonable accommodations and failure to engage in the interactive process claims fail as a matter of law and should be dismissed.

FEHA may impose an obligation on employers to reasonably accommodate an employee's association with a disabled family member when the employee seeks adjustments to their own work to perform necessary caregiving.  *See Castro v. Classy, Inc.*, 2020 WL 996948, at *5 (S.D. Cal. Mar. 2, 2020).  Courts have allowed reasonable accommodation and interactive process claims to proceed when the plaintiff sought adjustments to their work schedules, hours, or the availability of remote work so they could provide necessary care for disabled family members.  *See, e.g.*, *id.* (failure to accommodate request to work from home to be with disabled infant son); *McVay v. DXP Enterprises, Inc.*, 645 F. Supp. 3d 971, 974 (C.D. Cal. 2022) (request for leave to attend to children suffering from respiratory illnesses); *Acosta v. NAS Ins. Svcs., LLC*, 2025 WL 975007, at *1, *3–4 (C.D. Cal. Mar. 31, 2025) (request for reduced hours, flexible schedule, and ability to work from home to care for infant son with developmental delay); *Head v. Costco Wholesale Corp.*, 2025 WL 1592737, at *1, *24 (N.D. Cal. June 5, 2025) (request for time off to care for wife with cancer).  In all these cases, each plaintiff's association with a disabled person limited the plaintiff's own ability to engage in major life activities due to caretaking obligations, thereby giving rise to the plaintiff's own need for a reasonable accommodation in their work schedule.

Plaintiff's claims are fundamentally different.  He has never alleged that his disabled son "required care that only he could provide, such that his ability to work" was impaired.  *Wentzo v. Signavio, Inc.*, 2022 WL 16858834, at *8 (C.D. Cal. Sept. 26, 2022).  Instead, he claims that his

17

employer was obligated to engage in an interactive process regarding an accommodation for his son's schooling—not his own job responsibilities or work schedule.

*Wentzo* demonstrates why this theory fails. There, the plaintiff informed his employer that he intended to relocate from Los Angeles to France to be in "a healthier and less stressful environment for his then-pregnant wife, who was experiencing severe stress as a result of the ongoing Covid-19 pandemic, as well as the wildfires, pollution, and protests in Los Angeles." *Id.* at *1. Plaintiff alleged that he had been promised he could work from "wherever he resided," and he and his supervisors were already working remotely. *Id.* When the request was denied, plaintiff resigned. *Id.* at *2. Plaintiff sued for, *inter alia*, failure to engage in an interactive process for a requested reasonable disability accommodation under FEHA. *Id.* As is relevant here, the court dismissed the claim because plaintiff failed to adequately plead that he was disabled by association. *Id.* at *6–8. It explained that to pass muster under Rule 12(b)(6), a plaintiff must allege that their "association with a disabled person limited their own ability to engage in their own major life activities, thereby giving rise to their own need for a reasonable accommodation." *Id.* at *7. Because the plaintiff had not alleged that his wife "required care that only he could provide, such that his ability to work, or any of his other major life activities, was impaired," his claim failed. *Id.* at *8.

Plaintiff's claims fail for these same reasons. By his own admission, "[t]he *sole problem* with Plaintiff's employment arose when he sought to enroll his child at the preferred local elementary school for resident expatriate children, DAIS, in August of 2022" and "DAIS administrators quickly determined that they would be unable to accommodate Plaintiff's child's apparent developmental disability." Compl. ¶ 29; *see also id.* ¶ 44. Plaintiff does not allege that his son's autism required him to undertake any caretaking responsibilities at all, let alone to such an extent that these responsibilities impaired his work or any other major life activity. He does not allege that he sought modifications to his job duties or schedule to accommodate such responsibilities. Instead, he alleges only that he sought an exception to the generally applicable expatriate schooling policy so he could "enroll his child in an alternative, equivalent school on site" and receive reimbursement for the associated fees. *Id.* ¶¶ 97, 99.

FEHA's reasonable accommodation and interactive process requirements apply when a nexus exists between the requested accommodation and the employee's caretaking obligations and job

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER RULE 12(b)(6) OR STRIKE CERTAIN ALLEGATIONS UNDER RULE 12(f)
CASE NO. 3:25-cv-10950-AMO

responsibilities. Plaintiff has pleaded no such nexus. His claims are not cognizable under FEHA and should be dismissed. *See Wentzo v. Signavio, Inc.*, 2022 WL 16858834, at \*7–8; *compare Castro v. Classy, Inc.*, 2020 WL 996948, at \*5; *McVay v. DXP Enterprises, Inc.*, 645 F. Supp. 3d at 974; *Acosta v. NAS Ins. Svcs., LLC*, 2025 WL 975007, at \*3–4; *Head v. Costco Wholesale Corp.*, 2025 WL 1592737, at \*24.

## VI.    CONCLUSION

For the reasons above, the Court should dismiss Plaintiff's Complaint in its entirety.

DATED: March 23, 2026

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP


By: */s/ Jesse A. Cripps*
    Jesse A. Cripps

*Attorneys for Defendants*
CHEVRON CORPORATION, CHEVRON GLOBAL TECHNOLOGY SERVICES COMPANY, and CHEVRON U.S.A. INC.

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER RULE 12(b)(6) OR STRIKE CERTAIN ALLEGATIONS UNDER RULE 12(f)
CASE NO. 3:25-cv-10950-AMO